UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| M.A. BERMAN, | ) | CASE NO. 4:12cv2888 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| ARLINGTON BANK, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiff's *pro se* "Motion for Mandatory Judicial Notice, Notice of Void Judgment and Orders, Demand for Relief under Rule 60(B)(3)(4) and 60(D)(3), Disqualification of Judge and Motion for Judgment as a Matter of Law " filed on July 15, 2013. (Doc. No. 31.) Although the document is composed largely of incomprehensible legal rhetoric, it appears plaintiff is seeking relief from this Court's Memorandum of Opinion and Order dismissing this action on February 22, 2013. (Doc. No. 29.)

**I. Background**

This case has been thoroughly litigated in state and federal courts. It began in state court in May 2009 when Arlington Bank filed a foreclosure action in the Franklin County Court of Common Pleas against plaintiff and BEE, Inc., a corporate "straw man" titleholder that plaintiff created for the purpose of signing a mortgage on a condo located at 2815 Avati Drive, Columbus, Ohio ("the subject property"). The action, assigned to Franklin County Common Pleas Court Judge Beatty, was divided into two causes of action, one for breach of contract and

the other for foreclosure. Thereafter, it was transferred to the court's commercial docket and reassigned to Judge Frye. In October 2009, Judge Frye granted judgment in favor of Arlington Bank on the first count of the complaint for breach of contract. Arlington Bank then filed a motion for default judgment against BEE, Inc. and plaintiff on the second cause of action for foreclosure. Neither BEE nor plaintiff responded to the motion and on December 18, 2009, the court entered a default judgment against both of them in the second action.

On January 15, 2010, plaintiff appealed these judgments to the Ohio Tenth District Court of Appeals. He also filed a mandamus action against Judge Frye and Judge Beatty on March 8, 2010. The following day, he filed a motion to stay the execution of the judgment in the trial court and asked the court to vacate the default judgment. That motion was denied. On March 12, 2010, Arlington Bank purchased the property at sheriff's sale.

On the day of the sheriff's sale, plaintiff filed a Chapter 7 bankruptcy petition on behalf of BEE, Inc. in the United States Bankruptcy Court for the Southern District of Ohio. That bankruptcy was dismissed on April 2, 2010 for failure to correct deficiencies in the petition. With the automatic stay of the bankruptcy lifted, the appeal of the foreclosure and the mandamus actions were returned to the active docket of the Ohio Tenth District Court of Appeals.

Five days later, plaintiff attempted to remove the appeal to the United States District Court for the Southern District of Ohio. The defendants filed a motion for remand. After plaintiff filed several more motions, including a motion for judgment on the pleadings, the case was remanded to the Ohio appellate court on July 27, 2010. Plaintiff filed a motion for reconsideration, which was denied on August 11, 2010. On December 9, 2010, the state court of appeals affirmed the foreclosure judgment. On December 20, 2010, the common pleas court

thereafter confirmed the sale of the property to Arlington Bank. The court of appeals dismissed the mandamus action on February 2, 2011.

Thereafter, on March 4, 2011, Arlington Bank filed a writ of possession to evict plaintiff from the property. In response, plaintiff filed a personal Chapter 7 bankruptcy. *See In re Berman*, No. 2:11 bk 54694 (S.D. Ohio filed April 29, 2011). In that petition, plaintiff listed only one asset, the subject property. The petition was dismissed on May 18, 2011, because plaintiff failed to file required information. Arlington Bank filed a second writ of possession on May 25, 2011.

On June 21, 2011, plaintiff filed an action to quiet title in the Franklin County Court of Common Pleas claiming that the mortgage through Arlington Bank was invalid and unenforceable. That same day, he also filed an emergency motion for stay of the eviction and a motion to vacate the foreclosure judgment. The state court denied the motion for stay of the eviction on June 22, 2011, and denied the motion to vacate the foreclosure on June 29, 2011.

On June 23, 2011, the day after the motion to stay the eviction was denied, plaintiff filed a second personal Chapter 7 bankruptcy. *See In re Berman*, No. 2:11 bk 54694 (S.D. Ohio filed April 29, 2011). He also filed an adversarial proceeding in the bankruptcy court against Arlington Bank, the Valley Green Association, the Ohio Department of Taxation, the Franklin County Treasurer Jack D'Aurora and John MacKinnon. *See Berman v. Arlington Bank*, No. 2:11-ap-2314 (S.D. Ohio filed July 15, 2011). The bankruptcy petition was dismissed on July 18, 2011 because plaintiff did not file required information. The adversarial proceeding was dismissed for lack of jurisdiction on July 19, 2011. On July 22, 2011, the trial court lifted the bankruptcy stay in the eviction action, and plaintiff was vacated from the property.

The action to quiet title was still pending in the Franklin County Court of

Common Pleas when the bankruptcy stay was lifted. Plaintiff refused to appear for depositions on several occasions. On September 15, 2011,the action was dismissed with prejudice.

Plaintiff then filed this action to challenge the foreclosure. The Court dismissed the action on February 22, 2013, because venue was clearly improper. All of the parties reside in Columbus, Ohio, the actions giving rise to the complaint occurred in Columbus, Ohio and the subject property is located in Columbus, Ohio. Furthermore, of the twenty counts for relief asserted in this action, only five assert a federal cause of action. Two of those five federal counts were based on violations of federal criminal law, which do not provide a private right of action to a civil plaintiff. *See Booth v. Henson*, No. 290 F. App'x 919, 920-21 (6th Cir. 2008); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003). The remaining three federal counts sought to relitigate claims and issues that were raised or should have been raised in the state court foreclosure action and are now barred by the doctrine of *res judicata*.

Plaintiff has now filed the within motion seeking relief from the Court's judgment under Rule 60(b), reassignment of this case to United States District Judge Solomon Oliver, and issuance of an order granting judgment in his favor as a matter of law. He declares the Court's judgment to be void and contends he is, therefore, entitled to relief from judgment under Rule 60(b)(3) and (4). He concludes that the judgment is void, because he does not agree with it. He maintains the arguments he presented in the state court and in the Southern District of Ohio had merit and when those courts did not decide in his favor, their judgments were void, and he could take his action to any federal court, including this one. He reasons that because this Court did not agree with his assertion, he can declare this judgment also to be void, thereby entitling him to relief under Rule 60(b)(4). He further asserts that the Court created a fraud upon the court

4

because it dismissed his case without a jury trial. He concludes, therefore, that the judgment was fraudulent and he is entitled to relief from judgment under Rule 60(b)(3).

## II. Discussion

Rule 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). Rule 60(b) "does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial [complaint]." *Abdur'Rahman v. Bell*, 392 F.3d 174, 179-80 (6th Cir. 2004) (*overruled* on other grounds). The rule does not afford a defeated litigant "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Plaintiff cites to Rule 60(b)(4) as the basis for his motion for relief from judgment. Rule 60(b)(4), however, differentiates between a void judgment and one alleged to be an erroneous one. *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 515-16 (6th Cir. 2001) (Batchelder, J., concurring) (citing *Chambers v. Armontrout*, 16 F.3d 257, 260 (8th Cir. 1994) ("[A] judgment is not void merely because it is erroneous.")).

> . . . A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interest of finality, the concept of void judgments is narrowly construed. While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction, and an error in that determination will not render the judgment void. Only in the rare instance of a clear usurpation of power will a judgment be rendered void.

*Id*. at 515-16 (quoting *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972)). "For purposes of Rule 60(b)(4), a judgment is void if a court entered an order outside its legal powers." *Id.* at 516. This distinction prevents Rule 60(b)(4) from being used as a substitute for an appeal. *Id.*

Here, although plaintiff attempts to fit his arguments within the rubric of Rule 60(b)(4), he is merely asserting the same arguments that were considered and rejected in the Court's February 22, 2013 Memorandum Opinion and Order. Because he disagrees with the Court's decision, he declares the judgment to be void and claims the Court forfeited jurisdiction. Plaintiff's disagreement with the judgment, however, is not a basis for relief under Rule 60(b)(4). Adding the epithets "void" and "biased" to his allegations does not transform them into grounds for relief under that provision of the rule. Plaintiff's motion for relief from judgment under Rule 60(b)(4) is denied.

Plaintiff also relies on Rule 60(b)(3), concerning "fraud on the Court." His motion makes clear that the "fraud" at issue was committed by this judge and consists of making rulings adverse to plaintiff. Rule 60(b)(3), on its face, pertains to misconduct "of an adverse party," and is not applicable here. *See Smith v. Dell, Inc.*, No. 06-2496-B/V, 2007 WL 3232037 (W.D. Tenn. Oct. 31, 2007).

Finally, plaintiff was cautioned in the Court's February 22, 2013 ruling that his litigation efforts were becoming vexatious and was told the Court could exercise its authority to enjoin him from further filings or impose sanctions on him. This motion crosses that line between one that is asserted in good faith without a proper understanding of the complexities of Rule 60(b) and one that is asserted for the sole purpose of abusing the judicial process. Plaintiff not only objects to the Court's judgment in this case in highly inflammatory terms, but he also includes personal attacks on the Court.[1] The motion asserts no legitimate or plausible ground for relief and appears to have been submitted entirely to harass the defendants and inconvenience the Court. Given the procedural history of this case, it is likely plaintiff will continue to attempt to litigate this matter *ad infinitum*, unless the Court intercedes to prevent further misuse its resources.

Accordingly, plaintiff Mark A. Berman, aka M.A. Barman, is permanently enjoined from filing any additional documents in this case. Furthermore, he is permanently enjoined from filing any new lawsuits or other documents in the United States District Court for

---

[1] Examples of personal attacks on the Court include: "Judge Sara Lioi's District Court web page contains no biographical information relating to her standing or qualifications to preside over federal question offenses," (Doc. No. 31 at 456), and "Judge Lioi [ ] didn't merely fail to *exercise sound or legal decision making skills* – She failed to preside." (Doc. No. 31 at 463, emphasis in original.)

the Northern District of Ohio, without seeking and obtaining leave of court in accordance with the following:

> 1. Plaintiff must file a "Motion Pursuant to Court Order Seeking Leave to File" and must include with that motion any document he proposes to file and a copy of this Order. The motion will be filed in a miscellaneous case.
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration, which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or <u>any other state or federal court</u>, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit that has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit that he has currently pending.
>
> 4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed in a civil case. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any motion for leave to file and may be considered an act of contempt for which plaintiff may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this Court's limited resources, the Clerk's Office is hereby ordered as follows:

> 1. Any document submitted by Mark A. Berman, aka M.A. Berman, prior to him obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: a) an affidavit or sworn declaration as required by this order; b) a copy of this Order; and, c) the exhibits required by this Order.
>
> 2. The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with

any Motion Pursuant to Court Order Seeking Leave to File that Mark A. Berman files, unless and until leave is granted.

### III. Conclusion

For all the foregoing reasons, plaintiff's "Motion for Mandatory Judicial Notice, Notice of Void Judgment and Orders, Demand for Relief under Rule 60(B)(3)(4) and 60(D)(3), Disqualification of Judge and Motion for Judgment as a Matter of Law " filed on July 15, 2013 (Doc. No. 31) is **DENIED**.

Further, plaintiff Mark A. Berman, aka M.A. Berman, is permanently enjoined from filing any additional documents in this case and is permanently enjoined from filing any new lawsuits or other documents in the United States District Court for the Northern District of Ohio, without seeking and obtaining leave of court in accordance with this Order.

**IT IS SO ORDERED**.

Dated: October 2, 2013

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**